JOHN COLBY

*vs.*

THE INHABITANTS OF THE TOWN OF PITTSFIELD.

ELLEN J. COLBY

*vs.*

THE INHABITANTS OF THE TOWN OF PITTSFIELD.

Somerset.    Opinion August 3, 1915.

*Bodily Injury.   Defect.   Description of Injuries.   Highway.   Injuries.   Mental Suffering.   Notice.   Physical Injury.   R. S., Chap. 23, Sec. 76.*

1.   Under R. S., Chap. 23, Sec. 76, the notice required must give a specific description of the bodily injuries claimed to have been received.

2.   A general description of the bodily injuries is not sufficient, but a specific description of bodily injuries is required as a condition precedent to the right of any action at all.

3.   One having a right of action for bodily injuries may have damages for all of the natural consequences, such as loss of earnings, physical pain and mental suffering.

4.   Suffering is not the injury for which a recovery may be had under statutory notice, but the consequences of it.

.5.   This action is based upon the statute and must strictly comply with the requirements of the statute, and the statute allows damages for bodily injuries only and their consequences.

On exceptions by 'plaintiffs.    Exceptions overruled.

These two actions are brought to recover damages for injuries received by reason of an alleged defect in the highway in the defendant town.   Both cases depend upon the same facts and were tried together.   Plea, the general issue.   At the close of the plaintiffs' evidence the presiding Justice directed a non-suit in both cases. To this ruling and direction, the plaintiffs excepted.

The case is stated in the opinion.

*T. A. Andrews, Morse & Cook, and H. C. Buzzell,* for plaintiffs.

*Manson & Coolidge, and H. H. Thurlough,* for defendants.

SITTING:  SAVAGE, C. J., SPEAR, CORNISH, BIRD, PHILBROOK, JJ.

SPEAR, J.   These cases are to be considered together and involve actions against the defendant town for alleged injuries received from an accident caused by an alleged defect in the highway.   Both cases were non-suited at nisi prius for want of a valid fourteen days' notice, and come here on exceptions to this ruling.

The only question raised by the exceptions is the sufficiency of the notice, which reads as follows:

"Pittsfield, Maine, October 23, 1912.

Selectmen of the Town of Pittsfield,
    Pittsfield, Maine.

Gentlemen:

I hereby notify you that on the 9th day of October, A. D. 1912 while driving along the road and while near the Waverly Bridge, that John Colby and Ellen J. Colby, both of Montville in the County of Waldo and State of Maine were thrown into the river through lack of proper railing or fence along the road near Waverly Bridge on the west side of the Sebasticook River, and just south of the Waverly Bridge and very near to an electric light pole near said Waverly Bridge, that the said Ellen J. Colby has suffered a great deal both in mind and body on account of the injury which she received by being thrown into the river; that her body was badly bruised and that she claims damages from the Inhabitants of the Town of Pittsfield for the injuries which she has sustained in the sum of two thousand dollars.

That John Colby received injuries by being thrown into the river near Waverly Bridge just south of the bridge on the west side of the Sebasticook River and very near to the electric light pole near said south side of the bridge on the west end of the bridge in that his body was bruised and that he has suffered a great deal in both mind and body from the injuries which he sustained by being thrown into

the river through lack of proper railing along the river near said Waverly Bridge on the west side of the Sebasticook River and by reason of the injuries sustained by him the said John Colby he claims damages from the inhabitants of the town of Pittsfield to the sum of two thousand dollars."

As to the physical injuries alleged to have been sustained the notice contains only this specification, "that her body was badly bruised." Under our decisions it is too well settled to admit of discussion that this specification does not contain such a description of physical injury as the statutory notice requires.

But the plaintiff contends, even admitting this conclusion as to the specification of physical injury, that there is enough of the notice left to meet the requirements of the statute in the further statement "that she has suffered a great deal both in mind and body on account of the injuries which she has received by being thrown into the water." If no bodily injury could be proved, there would be no premise upon which to base a conclusion of mental suffering; on the other hand, when mental suffering flows from physical injury, it may be proved as a basis for damages. *Droscoll* v. *Gaffney*, 207 Mass., 102. A discussion of this question must therefore assume, that although physical injury could not be proved, for the recovery of damages, for the technical want of sufficient notice, it nevertheless could be proved, as a matter of fact.

The real issue, then, is: Can physical injury, being insufficiently described in the notice, be proved as the foundation for admitting evidence of mental injury, under that part of the notice in which the latter is properly described? In other words, can the plaintiff prove the fact of physical injury, without notice, as a basis upon which to prove the fact of mental injury, with notice? To go a step further, would a notice, otherwise valid, describing only mental suffering, be sufficient to authorize proof of physical injury, not as a basis of damages, but as a basis of proof of mental suffering? This feature of the case depends upon the interpretation of the notice required by the statute.

There is no right of action under the statute for anything except a "bodily injury." R. S., Chap. 23, Sec. 76, provides that "whoever receives a bodily injury" may recover, etc. This statute as interpreted by the court requires the notice to give a specific description of the bodily injuries claimed to have been received. A general

description even is not regarded as sufficient. It accordingly follows that notice of "bodily injury" is required as a condition precedent to the right of any action at all. One having a right of action for bodily injuries may have damages for all of the natural consequences, such as loss of earnings, physical pain, and mental suffering. But the suffering is not the injury for which a recovery may be had under the statutory notice, but the consequence of it. It should be noted, however, that this is not a common law action but one based upon the statute, and must strictly comply with the requirements of the statute, and the statute allows damages for "bodily injuries" only and their consequences.

*Exceptions overruled.*